United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40472
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE DE JESUS RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1059-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Felipe de Jesus Ramirez appeals his guilty-plea conviction

and sentence for possession with intent to distribute in excess

of 100 kilograms of marijuana.  He argues that:  1) 21 U.S.C.

§ 841 is facially unconstitutional in light of Apprendi v. New

Jersey, 530 U.S. 466 (2000); and 2) 21 U.S.C. §§ 841(b) and 851

are unconstitutional in light of Apprendi.  Ramirez concedes that

his arguments are foreclosed by United States v. Slaughter,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

238 F.3d 580, 582 (5th Cir. 2000) and <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235-47 (1998), respectively.

<u>Apprendi</u> held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. This court has specifically rejected the argument that <u>Apprendi</u> rendered 21 U.S.C. § 841 facially unconstitutional. <u>See</u> <u>Slaughter</u>, 238 F.3d at 582. Accordingly, Ramirez' challenge to the constitutionality of 21 U.S.C. § 841 is without merit.

Furthermore, <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 490; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court, therefore, must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation and citation omitted). Accordingly, Ramirez' challenge to the constitutionality of 21 U.S.C. §§ 841(b) and 851 is without merit.

AFFIRMED.